COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-008-CV

KENT-ANDERSON CONCRETE, L.P. APPELLANT

D/B/A ANDERSON CONCRETE

CONSTRUCTION COMPANY

 V.

JOHN NAILLING, STEVEN APPELLEES

WASHBURN, KENNETH WASHBURN,

BRENNAN WEBBER, DONALD J.

ANDERSON, JR., ENTERPRISE

CONCRETE MANAGEMENT, L.L.C.,

ENTERPRISE CONCRETE

CONSTRUCTION, L.P., AND GENESIS

CONCRETE, L.L.C.

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In this accelerated appeal, although the trial court entered a temporary injunction, Appellant Kent-Anderson Concrete, L.P. d/b/a Anderson Concrete Construction Company complains in two issues that the trial court abused its discretion by refusing to enjoin certain conduct of Appellee Donald J. Anderson, Jr. based on the terms of a noncompete covenant between Anderson and Appellant and by refusing to enjoin Appellees from completing job bids Appellees obtained allegedly in violation of the noncompete covenant.  We will affirm.

II.  Factual and Procedural Background

Appellee Donald J. Anderson, Jr. owned Anderson Concrete Construction, Inc., a company that provides commercial concrete products and services.  In 2001, Anderson and Appellant entered into an asset purchase agreement, whereby Anderson agreed to sell the assets of Anderson Concrete Construction, Inc. to Appellant.  Anderson also entered into a written employment contract with Appellant.  Approximately three years later, Anderson and Appellant entered into another employment agreement (the “Employment Agreement”), which contained terms prohibiting Anderson from soliciting Appellant’s employees, restricting Anderson’s ability to use Appellant’s confidential and proprietary information, and restricting Anderson’s ability to compete with Appellant in the commercial construction industry for a period of two years after Anderson’s employment with Appellant ended. 

In 2006, Anderson, John Nailling, Steven Washburn, Brennan Webber, and Kenneth Washburn (collectivey “individual Appellees”) were each employed by Appellant.  Anderson terminated his employment with Appellant, and shortly thereafter the individual Appellees terminated their employment with Appellant and became employed by Enterprise Concrete Management, L.L.C. (“Enterprise Management”) and Enterprise Concrete Construction, L.P. (“Enterprise Construction”).
(footnote: 2)  Shortly after the remaining Appellees began their employment with Enterprise Management and Enterprise Construction, Enterprise Construction secured five projects worth approximately $3 million; Enterprise Construction had used Appellant’s confidential or proprietary information to bid on four of these five projects.  Appellant placed bids on three of these projects but ultimately lost the bids to Enterprise Construction.  

Shortly after the individual Appellees changed their employment, and after Enterprise Management and Enterprise Construction began competing with Appellant for the same concrete construction jobs, Appellant filed applications for a temporary restraining order (“TRO”), temporary injunctive relief, and permanent injunctive relief.  In its second amended application for a TRO, temporary injunctive relief, and permanent injunctive relief—the live pleading—Appellant alleged that Anderson had breached the Employment Agreement by violating various noncompete covenants and alleged that all of the individual Appellees had misappropriated Appellant’s trade secrets.  The trial court granted Appellant’s temporary injunction in part and denied it in part. 

The trial court enjoined Appellees from using any of Appellant’s proprietary information and enjoined Appellees from soliciting the employment of any of Appellant’s employees.  The trial court denied all of Appellant’s other requests for injunctive relief, including Appellant’s requests for an injunction to prevent (1) Anderson from engaging in any business that performs concrete construction or from soliciting Appellant’s customers and (2) Appellees from completing jobs they had already been awarded.  Appellant timely filed its notice of accelerated appeal
(footnote: 3) and this appeal ensued.

III.  Standard of Review for Temporary Injunctions

T
he issue before the trial court in a temporary injunction hearing is whether the applicant is entitled to preserve the status quo of the subject matter of the suit until the case is tried on the merits.  
31-W Insulation Co., Inc. v. Dickey
, 144 S.W.3d 153, 156 (Tex. App.—Fort Worth 2004, pet. withdrawn); 
see also Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978).  A temporary injunction is an extraordinary remedy and does not issue as a matter of right.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 204 (Tex. 2002).  
To establish entitlement to a temporary injunction, an applicant for a temporary injunction must plead and offer evidence of (1) a cause of action against the defendant, (2) a probable right to relief, and (3) a probable, imminent, and irreparable injury in the interim.  
Id.
  These are the only legal issues before the trial court at a temporary injunction hearing; the underlying merits of the controversy are not presented.  
See Tom James of Dallas, Inc. v. Cobb
, 109 S.W.3d 877, 882 (Tex. App.—Dallas 2003, no pet.).  

In a noncompete covenant context, the ultimate issue of whether the noncompete covenant is enforceable is not before the trial court at a temporary injunction hearing.  
Id.
 at 884-85.  Accordingly, any appeal of an order granting or denying a temporary injunction based on a noncompete covenant does not present for appellate review the ultimate question of whether the covenant is enforceable under applicable Texas law.  
See id.
 at 882-83, 85.  
Instead, we review only the trial court’s exercise of discretion.

The decision to grant or deny a temporary injunction is within the trial court’s sound discretion and that decision will only be disturbed for an abuse of that discretion.  
Butnaru
, 84 S.W.3d at 204.  Therefore, we must view the evidence in the light most favorable to the trial court’s order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary that it exceeds the bounds of reasonable discretion.  
IAC, Ltd. v. Bell Helicopter Textron, Inc.
, 160 S.W.3d 191, 196 (Tex. App.—Fort Worth 2005, no pet.).  A trial court does not abuse its discretion as long as there is some evidence to support the trial court’s decision.  
Id.
  Nor does a trial court abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision.  
Accord Griffin Indus. v. Thirteenth Court of Appeals
, 934 S.W.2d 349, 355 (Tex. 1996) (applying abuse of discretion standard of review in mandamus context).  Moreover, the trial court does not abuse its discretion by denying a temporary injunction if the movant failed to prove one of the requirements for a temporary injunction.  
See Matrix Network, Inc. v. Ginn
, 211 S.W.3d 944, 947 (Tex. App.—Dallas 2007, no pet.);
 Cobb
, 109 S.W.3d at 889.

IV.  No Probable, Imminent, and Irreparable Injury

Appellant was required to plead and offer evidence of, among other things, a probable, imminent, and irreparable injury before the trial court could grant its temporary injunction.  
Butnaru
, 84 S.W.3d at 204.  To plead and offer that evidence, Appellant was required to demonstrate (1) imminent harm, (2) an irreparable injury, and (3) the absence of an adequate remedy at law.  
See Mabrey v. SandStream, Inc.
, 124 S.W.3d 302, 317 (Tex. App.—Fort Worth 2003, no pet.).  An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard.  
Butnaru
, 84 S.W.3d at 204
.
  An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief.  
Mabrey
, 124 S.W.3d at 317.  A legal remedy may also be inadequate if an award of damages would come too late.  
Id.
  An injunction is not proper when the claimed injury is merely speculative; fear and apprehension of injury are not sufficient to support a temporary injunction. 
Fox v. Tropical Warehouses, Inc.
, 121 S.W.3d 853, 861 (Tex. App.—Fort Worth 2003, no pet.);
 Jordan v. Landry’s Seafood Rest., Inc.
, 89 S.W.3d 737, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (op. on reh’g).  

A.  Concerning Anderson Engaging in Concrete Business

In its first issue, Appellant contends that the trial court abused its discretion by denying its application for a temporary injunction seeking to enjoin Anderson from engaging in any business that performs concrete construction and from soliciting or attempting to solicit its customers until a trial on the merits because it pleaded and proved a viable breach of contract claim against Anderson, probable right to relief, and a probable, imminent, and irreparable harm.  
Although Appellant and Appellees both address whether Appellant pleaded and proved all three required elements for temporary injunctive relief, our analysis focuses on whether Appellant pleaded and offered evidence of a probable, imminent, and irreparable injury.  
See 
Tex. R. App. P.
 47.1; 
Ginn
, 211 S.W.3d at 947.

Appellant argues that it established probable, imminent, and irreparable harm by demonstrating that Anderson was employed as its president and chief executive officer, that Anderson later became a consultant for one of Appellant’s competitors, and that several of Appellant’s employees left with Anderson and went to work with the same competitor.  While we acknowledge that these circumstances could give rise to facts establishing probable, imminent, and irreparable harm, the actual record before us at best contains conflicting evidence on this issue.  The record does not affirmatively show that Appellant would not have an adequate remedy at law, could not be adequately compensated, or that damages could not be calculated by a certain pecuniary standard if the trial court failed to temporarily enjoin Anderson from engaging in the concrete business pending trial.

At the temporary injunction hearing, the trial court heard the testimony—mostly by deposition—of Keith Collinsworth, Appellant’s president, Daniel Hoppe, one of Appellant’s estimators, Dennis Motley, Appellant’s Vice President of sales and estimating, Anderson, Nailing, Webber, Steven Washburn, and Kenneth Washburn.  But none of these witnesses discussed harm that could or would arise by or from Anderson continuing to work in the concrete construction industry, other than harm incurred by the construction jobs lost to Enterprise Construction.  As discussed below, the trial court concluded that this type of harm was purely economic and went to Appellant’s issue regarding Enterprise Construction’s ability to complete those jobs and not to any harm incurred by allowing Anderson to continue work in the concrete construction industry.

Consequently, we cannot hold, based on the record before us, that the trial court abused its discretion by denying a temporary injunction based on the evidence presented to him.  
See Griffin Indus.
, 934 S.W.2d at 355. (discussing standard of review); 
Ginn
, 211 S.W.3d at 947 (holding that speculative injuries are not sufficient to demonstrate probable, imminent, and irreparable harm);
 Fox
, 121 S.W.3d at 861 (holding that trial court abused its discretion by granting temporary injunctive relief because the evidence of a probable, imminent, and irreparable injury was merely speculative).  Under the abuse of discretion standard of review, we are prohibited from concluding that the trial court abused its discretion simply because we would have ruled differently.  
See, e.g.
, 
Walker v. Packer
, 827 S.W.2d 833, 839-40 (Tex. 1992).  
We overrule Appellant’s first issue.

B.  Concerning Completing Jobs Awarded

In its second issue, Appellant contends that the trial court abused its discretion by denying its request for injunctive relief enjoining Appellees from completing jobs they were awarded as a direct result of misappropriating Appellant’s “trade secrets.”
(footnote: 4)  Appellant specifically argues that its goodwill was injured when Enterprise Construction bid on these projects  and that it lost part of its clientele when the trial court allowed Enterprise Construction to complete these projects and establish relationships with its longstanding customers.  Appellees contend, however, that Appellant has an adequate remedy at law for prevention or redress of any wrong arising from the completion of these contracts. 

The record demonstrates that at the time of the injunction hearing, Enterprise Construction had been awarded a total of five contracts.  Of those five contracts, Appellant placed bids on three of them, but ultimately lost the bids to Enterprise Construction.  At the injunction hearing, Keith Collinsworth, Appellant’s president, testified that he was not one hundred percent certain that Appellant would have been awarded those construction projects if Enterprise Construction had not bid on them.  Then the following exchange occurred:

Appellant’s Counsel: If in fact you did lose those jobs because of Enterprise, . . . are you . . . able to determine the amount of damages that you would incur as a result of losing these jobs?  In other words, your lost profit?

Collinsworth: Yes, sir, we would know what our revenue would be.

The trial court found that the damages with respect to these construction projects were “monetary damages, . . . lost profits, and that there’s really no injunctive relief available for that.”  Nothing in the record demonstrates that Appellant proved that monetary damages would not adequately compensate Appellant or could not be measured by any certain pecuniary standard.  Nor does the record reflect that an award of damages would come too late.

Under our standard of review, we cannot hold that the trial court abused its discretion if it bases its decision on conflicting evidence and some evidence supports its decision.  
See Griffin Indus.
, 934 S.W.2d at 355.  After reviewing the evidence in the light most favorable to the trial court’s ruling and indulging every reasonable inference in its favor, we hold that there is evidence supporting the trial court’s ruling and that the trial court did not abuse its discretion by denying Appellant’s application for injunctive relief requesting that the trial court enjoin Appellees from completing these construction projects.  
See IAC, Ltd.
, 160 S.W.3d at 196.  Accordingly, we overrule Appellant’s second issue.

V.  Conclusion

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment.  
See 
Tex. R. App. P.
 43.2(a).

 SUE WALKER

 JUSTICE

PANEL B:  LIVINGSTON, WALKER, and MCCOY, JJ. 

DELIVERED: July 26, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Anderson, his wife, and attorney Kelly Massad created these entities on April 26, 2006.  Anderson terminated his employment with Appellant at “the end of April.” 

3:
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(4) (Vernon Supp. 2006); 
Tex. R. App. P.
 28.1.  

4:
Appellant describes this information as “trade secrets,” even though the trial court order describes the same information as “confidential information” or “proprietary information.”